```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
O'KEITH LEWIS,

                    Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           21-CV-6818(JS)(ARL)
PAMELA ROTH (ATTORNEY),

                    Defendant.
------------------------------------X
APPEARANCES
For Plaintiff:      O'Keith Lewis, pro se
                    21-A-2093
                    Orleans Correctional Facility
                    3531 Gaines Basin Road
                    Albion, New York 14411

For Defendant:      No appearance.
```

**FILED**
**CLERK**

3:45 pm, Feb 09, 2022

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

SEYBERT, District Judge:

On December 6, 2021, pro se plaintiff O'Keith Lewis ("Plaintiff") commenced this action while incarcerated by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Pamela Roth, Esq. ("Defendant").  (Compl., ECF No. 1.)  Plaintiff did not remit the Court's filing fee nor did he file an application to proceed in forma pauperis ("IFP") at the time he filed the Complaint.  By Notice of Deficiency dated December 8, 2021, Plaintiff was instructed to either remit the filing fee or to complete and return the enclosed IFP application and form pursuant to the Prison Litigation Reform Act ("PLRA") within fourteen days. (See ECF No. 2.)  On December 27, 2021, Plaintiff filed an IFP application and a PLRA form, both of which are dated December 21,

2021.  (IFP App., ECF No. 7; PLRA Form, ECF No. 8.)

For the reasons that follow, Plaintiff's IFP application is GRANTED; however, his Complaint is <u>sua sponte</u> dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

BACKGROUND[1]

Plaintiff utilized the Court's form complaint for civil rights actions pursuant to Section 1983; however, the Complaint only contains one sentence that alleges any factual information: "During my civil case in which my attorney (Pamela Roth) I was greatly mis-represented by my attorney (Pamela Roth)."  (Compl. ¶ II.)  In the spaces on the form that ask when and where the events giving rise to his claim(s) occurred, Plaintiff wrote "6 years ago now" and "during my trail for my civil suite in Central Islip Long Island NY".  (<u>Id.</u>)  Plaintiff did not include any information in the space on the form which asks about injuries he sustained.  (<u>Id.</u> ¶ 2.A.)  Notwithstanding, Plaintiff seeks to recover $10 million for his "pain and suffering".  (<u>Id.</u> ¶ III.)

---

[1]  Excerpts from the Complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

DISCUSSION

I. Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP application is GRANTED.

II. Legal Standards

A. Consideration of the Complaint Under 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id.; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

B.    Section 1983

Section 1983 provides that

Every person who, under color of any statute,
ordinance, regulation, custom, or usage, of
any State . . . subjects, or causes to be
subjected, any citizen of the United
States . . . to the deprivation of any rights,
privileges, or immunities secured by the

4

> Constitution and laws, shall be liable to the
> party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361 (2012).  To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States."  Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

III. Application

As noted above, to state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person acting under color of state law.  Thus, private parties are not generally liable under Section 1983 because such liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it."  Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (citation omitted).

Generally, attorneys are not state actors for purposes of Section 1983 regardless of whether they are court-appointed or retained.  See Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); see

also Brown v. Legal Aid Soc'y, 367 F. App'x 215, 216 (2d Cir. Feb.
23, 2010) (holding that a public defender does not act under color
of state law when performing a lawyer's traditional functions as
counsel to a defendant in a criminal proceeding).  Nevertheless,
liability may be imposed under Section 1983 upon private
individuals who are not state actors pursuant to a conspiracy
theory.  See Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324-25
(2d Cir. 2002).  In order to state a Section 1983 conspiracy claim,
a plaintiff must allege: "(1) an agreement between a state actor
and a private party; (2) to act in concert to inflict an
unconstitutional injury; and (3) an overt act done in furtherance
of that goal causing damages."  Id.

As is readily apparent here, Plaintiff's Complaint must
be dismissed because his sparse allegations do not suggest that
Defendant is a state actor nor that she conspired with a state
actor to inflict an unconstitutional injury.  (See generally
Compl.)  In fact, Plaintiff does not even allege that he suffered
any injuries.  (See id. ¶ 2.A.)

Moreover, the Complaint must be dismissed because
Plaintiff's Section 1983 claim is untimely.  Pursuant to New York
Law, Section 1983 claims are governed by a three-year statute of
limitations.  See Wheeler v. Slanovec, No. 16-CV-9065, 2019 WL

6

2994193, at *5 (S.D.N.Y. July 9, 2019) (instructing that federal claims pursuant to Section 1983 are governed by the applicable state's statute of limitations for personal injury torts and that "federal courts in New York apply a three-year statute of limitations for personal injury actions to [Section] 1983 claims" (citations omitted)).  Plaintiff indicated that his claim accrued six years ago (see Compl. ¶ II), therefore, the events giving rise to his claim occurred three years outside of the applicable statute of limitations period.[2]

## CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP application is GRANTED; and

**IT IS FURTHER ORDERED** that the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1) and that this case is CLOSED;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in

---

[2] To the extent the Complaint can be construed to assert any state law claims, i.e., a claim for legal malpractice, the Court declines to exercise supplemental jurisdiction over any such claims and DISMISSES them WITHOUT PREJUDICE.  See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); see also Delaney v. Bank of America Corp., 766 F.3d 163, 170 (2d Cir. 2014) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

good faith. Therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

      **IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the pro se Plaintiff at his address of record and include the notation "Legal Mail" on the envelope.

**SO ORDERED.**

                    /s/ JOANNA SEYBERT
                    Joanna Seybert, U.S.D.J.

Dated:    February 9, 2022
           Central Islip, New York

8
